**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS**

PAUL BRINEGAR,

        Plaintiff,

v.                                        Case No. 07-2599-JWL-DJW

CERTAINTEED CORP.,

        Defendant.

**CONFIDENTIALITY AGREEMENT AND PROTECTIVE ORDER**

The parties have jointly moved for entry of a Confidentiality Agreement and Protective Order (*see* doc. 15) whereby the parties agree that they and their counsel would be given access to certain confidential information, potentially including confidential medical records, confidential personnel documents, business organization and strategy information, confidential financial information, confidential customer information, commerce and proprietary information, personnel policies, and other confidential employee and business information, and the parties and their counsel are to hold such documents and information in confidence, using such information and documents only in connection with this pending litigation.  Federal Rule of Civil Procedure 26(c) provides for the issuance of a protective order limiting the disclosure and use of information in documents for good cause.  Good cause exists for the issuance of a Confidentiality Agreement and Protective Order here because a majority of persons associated with this matter move in a relatively small business/industrial community and, if the confidential information described herein was known in that community, that knowledge could lead to embarrassment, humiliation, loss of status and reputation, and could, potentially impact upon certain persons' personal and work relationships.

KC-1589304-1

Therefore, in consideration of the parties' Joint Motion for Entry of a Confidentiality Agreement and Protective Order (doc. 15) to protect confidential and proprietary information that may be produced in connection with Plaintiff's claims and/or Defendant's defenses, after a review of the proposed Order and based on good cause shown, it is hereby ORDERED that the Joint Motion for Entry of a Confidentiality Agreement and Protective Order is granted and the following Confidentiality Agreement and Protective Order is entered:

1. Any documents, limited to the following categories, may be designated as "Confidential" by the producing party. The categories are:

    (a) Business organization and strategy information;

    (b) Financial information not publicly filed with any federal or state regulatory authorities;

    (c) Commercial and proprietary information which has not been disclosed to the public;

    (d) Company policies and procedures and employee-only communications;

    (e) Personnel information, including but not limited to, personnel files, performance evaluations, and any wage, bonus commissions, and/or benefits information;

    (f) Employment complaints or charges of discrimination for wrongful treatment filed by any employee of Defendant;

    (g) Confidential customer information; and

    (h) Confidential medical information pertaining to the Plaintiff or his wife.

2. The party claiming a document or information is confidential shall mark "CONFIDENTIAL" on the face of any document the party believes should be treated as confidential pursuant to this Order. Each page shall be stamped by the producing party with an identifying "bates" number.

3. Documents designated as "Confidential" and any copies of such documents and any information contained in or derived from such documents, shall be made available only to the

following persons when needed by them in connection with their duties in the conduct of this action:

      (a)    The parties and their attorneys of record in this litigation, their partners or associate attorneys;

      (b)    Any persons employed by such attorneys or their firms, when working in connection with this litigation under the direct supervision of partners or associate attorneys of said firms;

      (c)    The Court;

      (d)    Court reporters or other official personnel reasonably required for the preparation of transcripts of testimony;

      (e)    All experts and consultants retained by any party for the preparation or trial of this case, provided that no disclosure shall be made to any expert or consultant who is employed by a competitor of the producing party, and;

      (f)    Any other person on such terms and conditions as the parties may mutually agree, in writing, or as the Court may hereafter direct by further Order.

4.    Except as provided in this Order, no copies of material designated as "Confidential" shall be made or furnished, and no information contained in such material shall be disclosed to any person, firm, or corporation except those identified in this Order, without prior written consent of the party to whom the records belong or their attorneys of record in these actions.  Prior to the disclosure of any material or information designated as "Confidential," the attorney making such disclosure shall require such person, firm, or corporation to execute Exhibit A indicating agreement to be bound by the terms of this Order.

5.    Material designated as "Confidential" may be disclosed to deponents other than those previously listed, during their preparation for, and the taking of, their depositions, provided that prior to such disclosure the deponent executes Exhibit A indicating agreement to be bound by the terms of this Order.  Such deponent may not divulge any such material or the information contained in such material to any other person, firm or corporation.

6.    This Order does not restrict or limit the use of confidential material at any hearing,

KC-1589304-1

trial, or alternative dispute resolution process.

7. In the event that any party to this litigation disagrees with the designation of any information as "Confidential" information, the party shall first confer with the other parties as to whether they will agree to a change. If this fails, either party may seek appropriate relief from the Court. Exceptions to this Order may be made by unanimous agreement of the parties to it, and any party may seek relief from the Court. The producing party shall always have the burden of showing that the materials are confidential and/or proprietary in nature rendering them subject to this Order. This Order shall be without prejudice to any party to bring before the Court the issue of whether any particular information is, or is not, confidential.

8. The entire text of any deposition, including exhibits, shall be treated as confidential under this Order for a period of 30 days following the deposition, during which time the producing party may determine whether such materials and information shall be marked confidential. In the event that the producing person or party inadvertently fails to designate discovery material as "Confidential" in this or any other litigation, it may make such a designation subsequently by notifying all parties to whom such discovery material was produced, in writing, as soon as practicable. After receipt of such notification, the parties to whom production has been made shall treat the designated discovery material as confidential, subject to their right to dispute such designation in accordance with paragraph 7.

9. All parties and counsel for such parties in this litigation shall make a good faith effort to ensure that their experts, employees and agents comply with this Order. In the event of a change in counsel, retiring counsel shall fully instruct new counsel of their responsibilities under this Order.

10. The terms of this Order shall survive and remain in effect after the termination of this litigation. The parties shall take such measure as are necessary and appropriate to prevent the public disclosure of confidential discovery material, through inadvertence or otherwise, after the conclusion of this litigation.

11. Within thirty (30) days of the termination of this litigation (including any appeals) or such other time as the producing party may agree in writing, the parties shall return the

KC-1589304-1

confidential discovery material to counsel for the producing party. Outside counsel, however, shall not be required to return any pretrial or trial records regularly maintained by that counsel in the ordinary course of business, which records will continue to be maintained confidential in conformity with this Order.

12. Inadvertent production of documents subject to work-product immunity, the attorney-client privilege or other legal privilege protecting information from discovery shall not constitute a waiver of the immunity or privilege, provided that the producing party shall promptly notify the receiving party, in writing, of such inadvertent production.

13. The entry of this Order shall be without prejudice to the rights of the parties, or any one of them, or of any non-party to assert or apply for additional or different protection.

14. All parties to this action who review documents subject to the terms of this Order are hereby bound by the terms of this Order and subject themselves to the jurisdiction of this Court.

**IT IS THEREFORE ORDERED** that the parties' Joint Motion for Entry of a Confidentiality Agreement and Protective Order (doc. 15) is granted.

**IT IS SO ORDERED:**

Dated this 28th day of May 2008.

s/ David J. Waxse
David J. Waxse
U.S. Magistrate Judge

KC-1589304-1

**APPROVED:**

/s/ Brian J. Klopfenstein
Brian J. Klopfenstein
305 Platte Clay Way, Suite C
P.O. Box 897
Kearney, Missouri 64060
bjkattorney@exop.com

**Attorney for Plaintiff**

AND

/s/ Amy M. Fowler
John Phillips            KS Dist. Ct. #70227
Amy M. Fowler            KS Bar #20152
HUSCH BLACKWELL SANDERS, LLP
4801 Main Street, Suite 1000
Kansas City, Missouri 64112
(816) 983-8000
(816) 983-8080 Facsimile
john.phillips@huschblackwell.com
amy.fowler@huschblackwell.com

**Attorneys for Defendant.**

KC-1589304-1

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

PAUL BRINEGAR,

        Plaintiff,

    v.                                               Case No. 07-2599-JWL-DJW

CERTAINTEED CORP.,

        Defendant

## AGREEMENT TO BE BOUND BY CONFIDENTIALITY AGREEMENT AND PROTECTIVE ORDER

The undersigned states that he/she has read and understands the Confidentiality Agreement and Protective Order entered by the Court in this action and agrees to abide by and be bound by its terms and conditions.

Dated: _____    Signed: _____

                                                        Printed Name: _____

                                                        Address: _____

                                                                            _____

KC-1589304-1